1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11

12  RICKEY LOUIS ALFORD,            )
                                    )
13            Petitioner,           )   Case No. CV 11-9475-MMM(AJW)
                                    )
14       v.                         )
                                    )   MEMORANDUM AND ORDER
15  PATTON STATE HOSPITAL, et al., )    DISMISSING PETITION
                                    )
16            Respondents.          )
    _____)

17

18       On November 15, 2011, petitioner filed this petition for a writ

19  of habeas corpus.[1]  For the following reasons, the petition is subject

20  to summary dismissal pursuant to Rule 4 of the Rules Governing Section

21  2254 Cases.

22       To begin with, the Court cannot discern the factual or legal

23

24  [1]  Petitioner has filed more than fifty actions in this Court.  Many of
    those cases have been dismissed for reasons similar to those that render
25  the present petition subject to dismissal.  See, e.g., Case Nos. CV 00-
    7562-AHM(AJW), CV 01-4278-MMM(AJW), CV 01-5115-CBM(AJW), CV 01-9763-
26  GHK(AJW), CV 02-4428-GLT(AJW), CV 03-2509-MMM(AJW), CV 03-4931-TJH(AJW),
    CV 05-5986-RMT(AJW), CV 05-8656-RMT(AJW), CV 09-4458-MMM(AJW), CV 09-
27  6030-MMM(AJW), CV 09-6047-MMM(AJW),CV 09-7349-MMM(AJW), CV 11-4248-
    MMM(AJW).  In one, however, the Court appointed counsel to represent
28  petitioner, and petitioner obtained relief in the form of sentence
    credits.  See Case No. CV 04-4970-RMT(AJW).

1  basis for petitioner's claims.  Petitioner's allegations are nearly
2  impossible to decipher.  For example, petitioner alleges the following
3  as grounds for relief:

4      Ground one: Because Alford filed on the two cars at Alford
5      mother home being totaled out in three days a part, two cars
6      were totaled out deliberately by two informants or gents of
7      the Sheriff Dept, and because Alford mentioned the two
8      incidents after contacting Progressive Insurance Company in
9      another Habeas Corpus that eventually went to the Federal
10     Court... The District Attorney Office has conspired with the
11     Sheriff Dept using Patton State Hospital.

12                          * * * * *

13     Ground two: When Alford wrote to Legislature members was
14     contacted. After U.S. Marshals, Sheriff Dept, Mental Health
15     and Parole Agent Rodney McElvaine visited Alford explaining
16     how the two cars were totaled out and that were mentioned
17     throughout Alford v. Haws, CV 09-7564, and about two weeks
18     pasted [sic] and Sheriff Deputies ... arrested Alford under
19     false imprisonment, made false statement, staged an incident
20     April 21, 2010 and while going to court, more Sheriff Dept
21     Deputies staged another charge of Penal Code sec 422.

22     Ground three: Patton State hospital Director, Octavio C.
23     Luna have been harassed by the D.A. Office....

24     Ground four: Prosecution misconduct using as a threat
25     against the conference team.  Dr. Marquez, Dr. Parks, and
26     Sarah Jones (SW) are ordered not to write a report that
27     [petitioner] is competent to stand trial, and have called on
28     a forensic expert to get past the Director, Octavia C. Luna.

1    [Petition at 3-4 and attached pages].

2         Rule 4 of the Rules Governing Section 2254 Cases provides that
3    "[i]f it plainly appears from the petition and any attached exhibits
4    that the petitioner is not entitled to relief in the district court,
5    the judge must dismiss the petition ...."  Summary dismissal pursuant
6    to Rule 4 is appropriate only where the allegations in the petition
7    are "vague or conclusory," "palpably incredible," or "patently
8    frivolous or false."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
9    Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).
10   As pleaded, the petition filed in this case is subject to summary
11   dismissal because the allegations are vague, incredible, and
12   frivolous.  See generally O'Bremski v. Maass, 915 F.2d 418, 420 (9th
13   Cir. 1990) (explaining that "notice pleading is not sufficient," and
14   that the petition must state facts pointing to a "real possibility of
15   constitutional error")(quoting Blackledge, 431 U.S. at 75 n. 7), cert.
16   denied, 498 U.S. 1096 (1991).

17        Furthermore, to the extent that petitioner's allegations are
18   comprehensible, they do not appear to be related to the constitutional
19   validity of a specific conviction or sentence.  Therefore, these
20   allegations cannot serve as a basis for federal habeas relief.  See
21   Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973) (explaining that
22   habeas corpus proceedings are the proper and exclusive mechanism for
23   a prisoner to challenge the fact or duration of his confinement);
24   Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003) (explaining
25   that where a petitioner's claims, even if successful, would not
26   shorten the duration of his custody, jurisdiction under 28 U.S.C.
27   §2254 is absent), cert. denied, 541 U.S. 1063 (2004).

28

For the foregoing reasons, the petition is dismissed without prejudice to petitioner's ability to file a petition properly alleging intelligible grounds for federal habeas corpus relief.

Dated: November 21, 2011

_____
Margaret M. Morrow
United States District Judge